<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**PEERLESS INSURANCE COMPANY**     :
                                   :
               **Plaintiff(s),**   :        **Civil Action No. 07-5402(JLL)**
                                   :
            **v.**                 :
                                   :
**AMBI-RAD, LTD., ET AL.**         :
                                   :
               **Defendant(s).**   :
                                   :

---

## REPORT AND RECOMMENDATION

This matter comes before the Court by way of Defendant Ambi-Rad, Limited's ("Defendant" or "Ambi-Rad") motion to dismiss Plaintiff Peerless Insurance Company's ("Plaintiff" or "Peerless") complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court has reviewed the submissions in support of and in opposition to the motion.  Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.  This Report and Recommendation is rendered pursuant to 28 U.S.C. 636(b)(1)(B).  For the reasons expressed below, I respectfully recommend that the Court enter an Order denying Defendant's motion.

## BACKGROUND

Plaintiff Peerless is an insurance company doing business in the state of New Jersey that insured the Northvale Car Wash, located in Northvale, New Jersey, against accidental loss.[1]  On or about March 3, 2005, a fire occurred at the Northvale Car Wash, resulting in property damage to its facility.  Peerless paid approximately $288,000 to the Northvale Car Wash for losses arising out of the fire.

Peerless retained several experts to investigate and determine the cause and origin of the fire.  The experts opined that the fire originated in a gas-fired radiant heater, manufactured by Defendant Ambi-Rad.[2]  On March 21, 2007, Peerless filed the instant action against Ambi-Rad, seeking damages in subrogation for the losses incurred to the Northvale Car Wash during the fire.  In its Complaint, Peerless alleges that Ambi-Rad is liable for damages sustained to the

---

[1]Peerless is a New York company that transacts business in the state of New Jersey.

[2] Ambi-Rad is a company registered in England, with offices located in West Midlands, England.

Northvale Car Wash. On July 31, 2008, Peerless amended its Complaint to add Ultimate HVAC and Door Products, Inc., a corporation doing business in North Carolina that manufactured certain components of the gas-radiant fire heater, as a party defendant.

Defendant Ambi-Rad now moves before the Court to dismiss Plaintiff's Amended Complaint. In support of its motion, Defendant argues that Plaintiff's claims were not brought within the governing statute of limitations. Defendant asserts that the applicable statute of limitations is two years, as set forth in N.J.S.A. 2A:14-2. Plaintiff disputes Defendant's arguments, stating that the two year statute of limitations governs suits seeking recovery for personal injuries. Plaintiff emphasizes that this matter is one seeking redress for property damage, not for personal injury, and that its claims are not subject to a two year statute of limitations. Plaintiff instead relies upon the six year statute of limitations set forth in N.J.S.A. 2A:14-1 "for any tortious injury to real or personal property."

Defendant also argues that Plaintiff's claims should be dismissed on grounds of *forum non conveniens*. Defendant asserts that the United Kingdom[3] is an appropriate alternative forum for litigating this suit and that the public and private factors weigh in favor of dismissal. Peerless opposes Defendant's motion, arguing that Defendant has failed to demonstrate that the United Kingdom is an appropriate alternative forum and that Defendant has not met its burden of demonstrating that the public and private factors suggest that dismissal is appropriate.

For the reasons set forth below, the Court recommends that Defendant's motion be denied.

## DISCUSSION
### I. Motion to Dismiss for Statute of Limitations
### A. Legal Standard

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Phillip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F.Supp.2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. Ultimately, however,

---

[3]Defendant argues that the "Courts of England and Wales" provide a suitable alternative forum for this action. (See Dft.'s Brief at p. 7). For purposes of this motion, the "Courts of England and Wales" will be referred to as the courts of the United Kingdom.

the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Defendant's motion.

**B. Applicable Statute of Limitations**

It is well-settled that the law of the forum state, including its statute of limitations, governs diversity actions. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Am. Cyanamid Co. v. Fermenta Animal Health Co., 54 F.3d 177, 180 (3d Cir. 1995). Thus, in examining Defendant's arguments, the Court will look to New Jersey law.

Under New Jersey law, a two year statute of limitations applies to "every action at law ... for any injury to the person." N.J.S.A. 2A:14-2 (West 2009); see also White v. Karlsson, 354 N.J.Super. 284, 288 (App. Div. 2002). Thus, if a plaintiff is seeking damages based on injury to the person, the applicable statute of limitations is two years, as set forth in N.J.S.A. 2A:14-2.

Defendant asserts that Plaintiff's claims must be dismissed because they were not brought within the two year statute of limitations set forth in N.J.S.A. 2A:14-2. Defendant states that N.J.S.A. 2A:14-2 applies because Plaintiff has brought claims for negligence, breach of warranty and strict products liability. Defendant argues that New Jersey law requires any tort claim - regardless of whether a plaintiff seeks to recover for personal injury or injury to property - is two years. However, as discussed above the two year statute of limitations set forth in N.J.S.A. 2A:14-2 applies to claims seeking redress for personal injury. Here, both parties acknowledge that no one was hurt in the fire and that there are no claims for personal injury in this matter.

Because its causes of action seek recovery for property damages, Plaintiff asserts that the applicable statute of limitations is six years, pursuant to N.J.S.A. 2A:14-1. In support of its argument, Plaintiff cites to the plain language of N.J.S.A. 2A:14-1, which expressly states that all actions "for tortious injury to real property" shall be governed by a six year statute of limitations. N.J.S.A. 2A:14-1 (West 2009).

Under the "Third Circuit Rule," a defendant may raise a statute of limitations defense in a 12(b)(6) motion to dismiss - normally an affirmative defense to be pled in the answer - "only if the time alleged in the statement of a claim shows that the cause of action has not been brought in the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quotations omitted). A claim cannot be dismissed as time barred unless it is "apparent on the face of the complaint" that the claim was not brought within the requisite limitations period. Id.

In its Complaint, Plaintiff seeks recovery for injury to real property and does not seek damages for personal injury. Thus, it is not apparent at this juncture that Plaintiff's claim is subject to the two year statute of limitations governing personal injury actions and Defendant's motion to dismiss Plaintiff's Complaint based on statute of limitations grounds should be denied.

**II. Motion to Dismiss on Grounds of Forum Non Conveniens**
**A. General Principles of Forum Non Conveniens**

Defendant moves for dismissal of Plaintiff's diversity action on the grounds that the United Kingdom provides a more appropriate forum in which to litigate Plaintiff's claim. Under

the doctrine of forum non conveniens, a district court may decline to hear an action "when it appear[s] that the convenience of the parties and the interests of justice would be better served if another court heard the action." Koger, Inc. v. O'Donnell, et al., 2007 WL 3232586, *2 (D.N.J. Oct. 31, 2007) (citing Windt v. Qwest Communs. Int'l, Inc., 2006 U.S. Dist. LEXIS 75335, *8 (D.N.J. Oct. 17, 2006)). As noted by courts in this district, the doctrine of forum non conveniens "must be sparingly applied, inasmuch as its application results in the dismissal of an action over which the court has jurisdiction and would ordinarily have a duty to resolve." Tech. Dev. Co., Ltd. v. Onischenko, 536 F.Supp.2d 511, 517 (D.N.J. 2007); see also Koger, 2007 WL 3232586 at *2; Miller v. Boston Sci. Corp., 380 F.Supp.2d 447, 483 (D.N.J. 2005). Thus, "courts have narrower discretion to dismiss under the common-law doctrine of forum non conveniens than to transfer an action under 28 U.S.C. 1404(a)." Onischenko, 536 F.Supp.2d at 517 (citations omitted).

Generally, a plaintiff's choice of forum is given considerable deference and should rarely be disturbed. See Onischenko, 536 F.Supp.2d 511 (D.N.J. 2007). Dismissal on the grounds of forum non conveniens is warranted only "when trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981) (citations omitted). The defendant bears the burden of persuasion as to all elements in the forum non conveniens analysis. See Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43-44 (3d Cir. 1988) ("Lacey I"); Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991) ("Lacey II"); Koger, 2007 WL 3232583 at *2. While the Court must assess the degree of deference to be accorded to plaintiff's choice of forum, the defendant initially must establish that an adequate alternative forum exists to hear the case. See Onischenko, 536 F.Supp.2d at 517. After satisfying that burden, the defendant must then demonstrate that the private and public interest factors weigh heavily in favor of dismissal. See id. "The defendant bears a heavy burden to satisfy both components of the analysis and must establish a strong preponderance in favor of dismissal." Burke v. Quartey, 969 F.Supp. 921, 929 (D.N.J. 1997).

## B. Adequate Alternative Forum

The determination as to whether an adequate alternative forum exists is a threshold issue on a motion to dismiss for forum non conveniens. See Piper Aircraft, 454 U.S. at 225 n. 102; Onischenko, 536 F.Supp.2d at 517. "Two conditions must be satisfied to meet this adequacy requirement: (1) the defendant must be amenable to process in the alternative forum; and (2) the subject matter of the lawsuit must be cognizable in the alternative forum in order to provide the plaintiff appropriate redress." Kultur Int'l Films Ltd. v. Covent Garden Pioneer, FSP. Ltd., 860 F.Supp. 1055, 1063 (D.N.J. 1994).

"Where there is a legitimate dispute concerning the adequacy of a foreign remedy, a defendant seeking a forum non conveniens dismissal must generally provide record evidence indicating that the plaintiff could obtain proper redress in the alternative forum." Miller, 380 F.Supp.2d at 449. The "existence of an adequate remedy in the foreign forum is crucial, because an American court cannot condition dismissal on the consent of the foreign court to provide plaintiff with an opportunity to obtain such redress." Id. at 449-50.

4

Defendant here states in conclusory fashion that the United Kingdom is an adequate alternative forum for this dispute. (See Dft. Brief at p. 7-8; Dft. Reply at p. 4) Defendant provides no support for this theory. Plaintiff disputes Defendant's statement that the United Kingdom is an adequate alternative forum and states that Defendant has failed to meet its burden to establish that this suit would be appropriate in the United Kingdom. Thus, there is a legitimate dispute as to the adequacy of the foreign remedy and Defendant has failed to meet its burden to provide record or other evidence indicating that Plaintiff could obtain adequate redress in the United Kingdom.

**C.  Deference to Plaintiff**

Assuming only for the sake of argument that the suit would be cognizable in the United Kingdom, the Court will continue its analysis and now considers the amount of deference it should give Plaintiff's choice of forum. Generally, great deference is accorded to a plaintiff's choice of forum and that choice should rarely be disturbed, unless the balance of factors weighs strongly in favor of the defendant. See Onischenko 536 F.Supp.2d at 518. This is especially true when the plaintiff sues in his home forum. See Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 525 (1947). "[T]he greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for forum non conveniens." Iragorri v. United Tech. Corp., 274 F.3d 65, 72 (2d Cir. 2001).

Peerless is a New York corporation doing business in the State of New Jersey. Thus, Peerless' connection to the United States is strong and its choice of forum is entitled to great deference.

**D.  Private and Public Interest Factors**

After determining the proper level of deference to give to Plaintiff's choice of forum, a court must then consider and balance the parties' private interests and the public interests that would be implicated by allowing the case to proceed in the chosen forum. See Miller, 380 F.Supp.2d 443, 451. The private interest factors to be considered in a forum non conveniens analysis include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining willing witnesses; and (4) practical considerations that make trial of a case easy, expeditious, and inexpensive. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

Dismissal is not appropriate just because the private and public factors do not favor retaining jurisdiction. See Koger, 2007 WL 3232586 at *4. "Instead, the defendant must prove that, in the balance of the factors, the choice of forum is 'vexatious and oppressive to [defendants] out of all proportion to [plaintiff's] convenience." Id. (Citing Piper, 454 U.S. at 241).

The public interest factors relevant to a forum non conveniens inquiry include: (1) administrative difficulties flowing from court congestion; (2) the interest in having local disputes resolved at home; (3) the interest in having a case tried in the district that is familiar with the applicable law; (4) avoidance of unnecessary problems in conflicts of laws; and (5) the unfairness

of imposing jury duty on a community with no relationship to the litigation.  See Gulf Oil, 330 U.S. at 508.

Here, the private interests do not weigh in favor of dismissal.  Many witnesses, including Plaintiff's experts, and many pertinent documents are located in New Jersey.  In addition, Ambi-Rad's co-defendant, Ultimate, is a corporation doing business in United States and it is likely that it would be easier to access Ultimate's witnesses and documents through the district court in New Jersey than through a court located in the United Kingdom.  The public factors also do not weigh in favor of dismissal.  The site of the fire which gave rise to the suit is in New Jersey and New Jersey has an interest in the resolution of this dispute.  Accordingly, the Court is not persuaded that Defendant has met its burden to show that dismissal on grounds of *forum non conveniens* is appropriate.

## CONCLUSION

In light of the foregoing, it is respectfully recommended that Defendant's motion be denied.

Respectfully submitted,

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: March 6, 2009**

6