NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEERLESS INSURANCE COMPANY, | Civil Action No.: 07-5402(JLL) |
| Plaintiff, | |
| v. | OPINION ADOPTING |
| | MARCH 6, 2009 |
| AMBI-RAD, LTD., et al. | REPORT AND RECOMMENDATION |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court on the objection of Defendant Ambi-Rad, Limited ("Ambi-Rad") to the March 6, 2009 Report and Recommendation of United States Magistrate Judge Claire C. Cecchi regarding Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, on the ground of forum non conveniens. This motion is resolved without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Magistrate Judge Cecchi's March 6, 2009 Report and Recommendation, and thus denies Defendant's motion to dismiss the Complaint.

**FACTUAL AND PROCEDURAL HISTORY**

A detailed factual background of this case is set forth in Magistrate Judge Cecchi's Report and Recommendation and will not be repeated here except where necessary to provide context for this Court's review.

Plaintiff, Peerless Insurance Company ("Peerless'), is an insurance company that insured the Northvale Car Wash in Northvale, New Jersey. On or about March 3, 2005, a fire damaged the property. Experts opined that the fire originated in a radiant heater manufactured by Ambi-Rad. Peerless paid approximately $288,000 to the Northvale Car Wash related to the fire. On March 21, 2007, it filed the present action against Ambi-Rad seeking damages in subrogation.

Ambi-Rad argues in its motion to dismiss that Peerless' claims against it were not brought within the governing statute of limitations. Ambi-Rad also argues that the Amended Complaint should be dismissed on the ground of forum non conveniens, asserting that the United Kingdom was a more appropriate forum for this suit. By way of Report and Recommendation dated March 6, 2009, Magistrate Judge Cecchi recommended that this Court deny Defendant's motion to dismiss the Amended Complaint.

## LEGAL DISCUSSION

**A.      Standard of Review**

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The judge may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. See, e.g., United Steelworkers of Am. v. N. J. Zinc Co., Inc.,

828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

**B.      Objection to the March 6, 2009 Report and Recommendation**

Local Civil Rule 72.1(c)(2) provides, in relevant part, as follows:

> Any party may object to the Magistrate Judge's proposed findings, recommendations or report issued under this Rule within 10 days after being served with a copy thereof. . .  A Judge shall make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

L. Civ. R. 72.1(c)(2).  Here, Ambi-Rad only objects to the portion of Magistrate Judge Cecchi's Report and Recommendation related to the statute of limitations.  Ambi-Rad specifically asserts that the "case law regarding the statute of limitations on the claims asserted by Peerless was not adequately considered" by Magistrate Judge Cecchi.  (Def.'s Objection at 2.)

On a motion made pursuant to Federal Rule of Civil Procedure 12(b)(6) courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  But, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d. Cir. 2008).  Generally, a "[statute of] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion."

Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). "However, the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Id. (internal quotations omitted). Thus, the time bar must be "apparent on the face of the complaint." Id. With this framework in mind, the Court now addresses Ambi-Rad's objection to Magistrate Judge Cecchi's recommendation with respect to the statute of limitations question.

Generally, this Court must apply New Jersey's choice of law rules to determine what law should apply. See Warriner v. Stanton, 475 F.3d 497, 499-500 (3d Cir. 2007). The claims at issue here were brought under the New Jersey Product Liability Act ("PLA"), New Jersey Statute § 2A:58C-1, et seq. Therefore, both parties cite to New Jersey's statute of limitation provisions. The injury occurred in New Jersey, and Peerless does business in New Jersey; the facts demonstrate that New Jersey has the greatest interest in the issue. Thus, this Court agrees that New Jersey law applies to the claims at issue.

In New Jersey " [e]very action at law . . .for any tortious injury to real or personal property . . . shall be commenced within 6 years next after the cause of any such action shall have accrued." N.J. Stat. Ann. § 2A:14-1 (2009). On the other hand, "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued . . . ." Id. at § 2A:14-2. Ambi-Rad argues that the two year statute of limitations in § 2A:14-2, not the six year limit of § 2A:14-1, applies to any claim based on the PLA, counts three to seven of Peerless' Amended Complaint.

Ambi-Rad asserts that "New Jersey law is clear that [Peerless'] strict liability claims are governed by the two year statute of limitations." (See Def.'s Obj. at 6.) However, it does not cite any case that expressly states that any and all tort claims brought pursuant to the PLA are subject to a two year statute of limitations. Rather, Ambi-Rad cites to Alloway v. General Marine Industries, 695 A.2d 264 (N.J. 1997), arguing that the court held that the "longer six year statute of limitations applied, but only on the basis that the damages were based on economic loss, as the only harm alleged was to the product itself." (Def.'s Obj. at 5.) The question in Alloway was "whether plaintiffs may rely on theories of strict liability and negligence to recover damages for economic loss resulting from a defect that caused injury only to the [product] itself." 695 A.2d at 626. The New Jersey Supreme Court answered this question in the negative, finding that "*[c]ontract* principles more readily respond to claims for economic loss caused by damage to the product itself" and holding that "plaintiffs' *tort* claims are barred." Id. at 627-28, 642-43 (emphasis added). The question here, as presented on this motion to dismiss, is not whether a claim under the PLA is not an appropriate cause of action, but rather, whether a tort claim under the PLA for damage to property other than the product itself is governed by the two year limit of § 2A:14-2 or the six year limit of § 2A:14-1.

Ambi-Rad notes that "[t]he Alloway Court looked favorably upon the holding of Spring Motors Dist., Inc. v. Ford Motor Corp., [489 A.2d 660 (N.J. 1985)]." (Def.'s Obj. at 5.) In discussing Spring Motors, the Alloway court stated:

> In that case, Spring Motors Distributors ("Spring Motors"), a commercial lessor of vehicles, bought a fleet of trucks from Ford Motor Co. ("Ford"). Pursuant to the sales, Ford issued an express warranty on transmissions manufactured by Clark Equipment Co. ("Clark"), which had issued express warranties to Ford. Spring Motors' lessee experienced difficulties with the transmissions. Consequently, Spring

5

> Motors suffered economic losses, which included costs of repair, lost profits, and a decrease in the market value of the trucks. Thereafter, Spring Motors sued Ford under theories of negligence, strict liability and breach of warranty. The basic issue was whether the applicable statute of limitations was the four-year statute in the U.C.C., N.J.S.A. 12A:2-725, or the six-year statute of limitations pertaining to tort actions for property damage, N.J.S.A. 2A:14-1. We held that Spring Motors had a cause of action against both Ford and Clark for breach of warranty and that the U.C.C.'s four-year period of limitations determined the time for the commencement of the action. . . . When the harm suffered is to the product itself, unaccompanied by personal injury or property damage, we concluded that principles of contract, rather than of tort law, were better suited to resolve the purchaser's claim. Consequently, we held that the U.C.C. provided the appropriate period of limitations.

695 A.2d at 269-70 (internal citations omitted). The New Jersey Supreme Court in Spring Motors did discuss § 2A:14-2 in its discussion of Heavner v. Uniroyal, Inc., 305 A.2d 412 (N.J. 1973). The Spring Motors Court stated:

> Heavner concerned an action against a manufacturer for damages to a truck and personal injuries to its driver caused by a tire blowout. The action was instituted more than three years after the accident. This Court ruled that the two-year statute of limitations applicable to personal injury actions in tort, N.J.S.A. 2A:14-2, not the four-year period provided by the U.C.C., N.J.S.A. 12A:2-725, *applied to the personal injury action* and the wife's claim for loss of consortium.

489 A.2d at 667 (emphasis added). The Appellate Division in Spring Motors also discussed Heavner, noting:

> [T]he four-year statute of limitations established by [the U.C.C.] N.J.S.A. 12A:2-725 did not apply to a consumer-user action against a manufacturer for consequential personal injury and property damage. [The Heavner court] therefore held that the two-year statute of limitations for personal injury actions under N.J.S.A. 2A:14-2 applied to the personal injury claim and the six-year statute [of limitations], under N.J.S.A. 2A:14-1, to the property damage claim. Id. at 156..

Spring Motors, 465 A.2d 530, 539 (N.J. Super. Ct. App. Div.) (internal citations omitted), rev'd 489 A.2d 660. In overturning the Appellate Division, the New Jersey Supreme Court in Spring Motors, clearly viewed the question regarding the property damage simply as one between the

6

four year limitation using contract principles under the U.C.C. or the six year limitation using tort principles pursuant to § 2A:14-1.  As noted by Ambi-Rad, the Alloway court cited Spring Motors favorably; it did not state that under the PLA the general rules regarding torts claims were not applicable.  Therefore, this Court agrees with Magistrate Judge Cecchi that it is not clear from the face of the Amended Complaint, which asserts strict liability claims based solely on damage to property, that Peerless' claims are time barred.

Ambi-Rad does not object to any other portion of Magistrate Judge Cecchi's Report and Recommendation.  Nevertheless, the Court has reviewed the parties' submissions, as well as Report and Recommendation, and is satisfied that there is no clear error on the face of the record to warrant denial of Magistrate Judge Cecchi's recommendation.

## CONCLUSION

Having thoroughly reviewed Magistrate Judge Cecchi's March 6, 2009 Report and Recommendation, including Ambi-Rad's objection thereto, this Court hereby adopts the Report and Recommendation as the findings of fact and conclusions of law of this Court, and thus denies Ambi-Rad's motion to dismiss the Complaint.  An appropriate Order accompanies this Opinion.


DATED: March 23, 2009            /s/ Jose L. Linares
                                 Jose L. Linares
                                 United States District Judge